1   Stephen B. Heath - 237622
    sheath@heathandyuen.com
2   Steven W. Yuen - 230768
    syuen@heathandyuen.com
3   Lucy K. Galek - 227237
    lgalek@heathandyuen.com
4   Prova Ahmed - 337784
    pahmed@heathandyuen.com
5   HEATH & YUEN, APC
    268 Bush Street, #3006
6   San Francisco, CA  94104
    Tel:    (415) 622-7004
7   Fax:   (415) 373-3957

8   Attorneys for Defendant/Counter-Claimant
    MALAK SINGH

9

10                  UNITED STATES DISTRICT COURT

11                 EASTERN DISTRICT OF CALIFORNIA

12   SHARITA REYNOLDS; ESTATE OF          Case No.:
     CHELVIN LEE WEBB, BY AND THROUGH
13   THE ESTATE'S ADMINISTRATOR SHARITA   **DEFENDANT MALAK SINGH'S NOTICE**
     REYNOLDS,                            **OF REMOVAL OF CIVIL ACTION TO**
14                                        **UNITED STATES DISTRICT COURT**
              Plaintiffs,
15                                        DEMAND FOR JURY TRIAL
     v.
16                                        File Date:      February 2, 2022
     MALAK SINGH, AN INVIDIVUAL; KP       Trial Date:     Not Set
17   LOGISTICS, INC., A CALIFORNIA
     CORPORATION; JOHN MILLER, JR.; AND
18   DOES 1 THROUGH 20, INCLUSIVE,

19            Defendants.

20
     MALAK SINGH,
21
              Cross-Complainant,
22
     v.
23
     SHARITA REYNOLDS,
24   GREG QUINBY, AND
     ROES 1 TO 30,
25
              Cross-Defendants.
26

27   ///

28   ///

## I.   <u>NOTICE OF REMOVAL</u>

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

NOTICE IS GIVEN defendant Malak Singh is removing a civil action filed in the Superior Court of California, County of Sacramento, case number 34-2022-00314923 to the United States District Court for the Eastern District of California.  Defendant Singh is filing the notice of removal within 30 days after receipt on March 6, 2022 of the February 2, 2022 filed complaint setting forth the claim for relief upon which such action or proceeding is based per 28 United States Code sections 1441(a) and 1446(b)(1).

## II.   <u>GROUNDS FOR REMOVAL</u>

"A defendant or defendants desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action."  (28 U.S.C. § 1446(a).)

### A.   Federal Question Jurisdiction Exists

"The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  (28 US.C. § 1331.)

Here, the grounds for removal are based on plaintiffs' state civil complaint alleging two causes of action for wrongful death and survival, which are both based on defendants' alleged violations of federal laws, including Code of Federal Regulations section 392.14.  (Plaintiff's Complaint at ¶ 15.a. ["Defendants Malak Singh, KP Logistics, Inc., and Does 1-20 ... was operating his vehicle in violation of 49 CFR § 392.14"], ¶ 20 ["violating various provisions of ... federal law including 49 CFR § 392.14"] & ¶ 26 ["By this reference, Plaintiff incorporates all of the allegations in this Complaint in this [second] cause of action" for survival"].)

### B.   Diversity Jurisdiction Also Exists

Although defendant is not removing plaintiffs' state civil complaint based on diversity jurisdiction, diversity jurisdiction also exists per 28 United States Code sections 1446(c)(2).  Under the diversity statute, a federal district court has original jurisdiction when the parties are completely

1    diverse and the amount in controversy exceeds $75,000.  (28 U.S. Code § 1332.)  A defendant may

2    remove an action from state to federal court if the diversity and amount in controversy requirements

3    are satisfied.  (28 U.S. Code § 1441(a) & (b).)

4          **1.**      **The Parties Are Completely Diverse**

5          **a.**      **Plaintiffs And Nominal Defendant/Plaintiff Are Oklahoma Residents**

6          Defendant is informed and believes, and thereon alleges individual plaintiff Sharita Reynolds

7    resides in Cleveland County, Oklahoma.  Plaintiff Sharita Reynolds judicially admits she was

8    appointed as the administrator of the estate of Chelvin Lee Webb in the matter of *the Estate of Chelvin*

9    *Lee Webb*, Oklahoma State District court, Grady County, case number PB-2021-123.  (Plaintiff's

10   Complaint, Exhibit A at ¶ 5.)

11         Plaintiff named and sued John Miller Jr. as a nominal defendant, who was decedent Chelvin

12   Lee Webb's (herein "decedent") biological father, but cannot recover the wrongful death of decedent as

13   he cannot satisfy the conditions of being a proper heir.  (Plaintiff's Complaint, Exhibit A at ¶ 7.)  Thus,

14   plaintiff named Mr. Miller as a nominal a defendant as she could not join him as a putative plaintiff in

15   plaintiff's first cause of action for wrongful death claim as required by *Romero v. Pacific Gas & Elec.*

16   *Co.*, 156 Cal.App.4th 211, 216 (2007) ["Any heir who does not consent to be joined as a plaintiff in the

17   wrongful, death action must be named as a defendant"]; *Ferraro v. Camarlinghi*, 161 Cal.App.4th 509,

18   556 (2008) ["she named appellant as a party under section 382, which made appellant a nominal

19   defendant, but 'in reality' and 'in legal effect' a plaintiff"]; and Civ. Proc. Code § 382 ["If the consent

20   of any one who should have been joined as plaintiff cannot be obtained, he may be made a defendant,

21   the reason thereof being stated in the complaint; and when the question is one of a common or general

22   interest, of many persons, or when the parties are numerous, and it is impracticable to bring them all

23   before the court, one or more may sue or defend for the benefit of all"].)

24         **b.**      **Defendants Are California Residents**

25         Plaintiff judicially admits defendant Malak Singh is an individual who is domiciled in

26   California.  (Plaintiff's Complaint, Exhibit A at ¶ 5.)  Specifically, Mr. Singh is an individual over age

27   18 who resides in Placer County, California.

28   ///

DEFENDANT MALAK SINGH'S NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT
PAGE 3

1    Plaintiff judicially admits defendant KP Logistics Inc (herein "KP") is a California corporation
2    domiciled in California with its principal offices located in Antelope, California. (Plaintiff's
3    Complaint, Exhibit A at ¶ 6.)  Actually, KP is presently a dissolved domestic California corporation,
4    whose principal place of business used to be located in Sacramento County, California.
5    (https://businesssearch.sos.ca.gov/CBS/Detail, as of April 1, 2022; see also Exhibit B.)

6    Mr. Singh's counsel also represents KP, whom plaintiff has not yet served, and who likewise
7    consents to removal.  Due to the nonservice upon KP, it can file its own notice of removal within 30
8    days after service upon it.  (28 U.S.C. §1446(b)(1).)

9    **2.    The Amount in Controversy Exceeds $75,000**

10    "To remove a case from a state court to a federal court, a defendant must file in the federal
11    forum a notice of removal "containing a short and plain statement of the grounds for removal."   (*Dart
12    Cherokee Basin Operating Co. v. Owens*, 574 U.S. 811, 35 S.Ct. 547, 551 (2014), citing 28 U.S.C.
13    § 1446(a).) "When removal is based on diversity of citizenship, an amount-in-controversy requirement
14    must be met.  Ordinarily, 'the matter in controversy [must] excee[d] the sum or value of $75,000.'"
15    (*Dart Cherokee Basin Operating Co.*, 35 S.Ct. at 551 (2014), citing 28 U.S.C. § 1332(a) ["The district
16    courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the
17    sum or value of $75,000, exclusive of interest and costs, and is between …"].)   "When the plaintiff's
18    complaint does not state the amount in controversy, the defendant's notice of removal may do so."
19    (*Dart Cherokee Basin Operating Co.*, 35 S.Ct. at 551 (2014), citing 28 U.S.C. § 1446(c)(2)(A); see
20    also 28 U.S.C. § 1446(c)(2) ["(A) the notice of removal may assert the amount in controversy if the
21    initial pleading seeks— … (ii) a money judgment, but the State practice either does not permit demand
22    for a specific sum or permits recovery of damages in excess of the amount demanded; and (B) removal
23    of the action is proper on the basis of an amount in controversy asserted under subparagraph (A) if the
24    district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the
25    amount specified in section 1332(a)."].)

26    Additionally, "[w]here it is not facially evident from the complaint that more than $75,000 is in
27    controversy, the removing party must prove, by a preponderance of the evidence, that the amount in
28    controversy meets the jurisdictional threshold."  (*Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d

1   1089, 1090 (9th Cir. 2003); see also *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 376

2   (9th Cir. 1997) ["Where the complaint does not demand a dollar amount, the removing defendant bears

3   the burden of proving by a preponderance of evidence that the amount in controversy exceeds [the

4   jurisdictional threshold]"]; and 28 U.S.C. § 1446(c)(2)(B) ["removal of the action is proper on the

5   basis of an amount in controversy asserted under subparagraph (A) if the district court finds, by the

6   preponderance of the evidence, that the amount in controversy exceeds the amount specified in section

7   1332(a)."].)

8         "A settlement letter is relevant evidence of the amount in controversy if it appears to reflect a

9   reasonable estimate of the plaintiff's claim.   [Citation]   (plaintiff's settlement offer is properly

10  consulted in determining 'plaintiff's assessment of the value of her case'); [Citation] (while a

11  'settlement offer, by itself, may not be determinative, it counts for something'); [Citation] ('Because

12  the record contains a letter, which plaintiff's counsel sent to defendants stating that the amount in

13  controversy exceeded $50,000, it is 'apparent' that removal was proper.'"   (*Cohn v. Petsmart, Inc.*,

14  281 F.3d 837, 840 (9th Cir. 2002).)

15        Here, defendants show by a preponderance of the evidence that plaintiff, through her former

16  counsel, represented her damages ranged between $750,000 to $1,000,000, and demanded $375,000 in

17  settlement for causing decedent's death.  (Exhibit C.)

18               **III.    COPIES OF ALL PROCESS, PLEADINGS, AND ORDERS**

19        Per 28 United States Code section 1446(a), true and correct copies of all pleadings, process,

20  and orders issued in this case are attached as Exhibit A.

21                **IV.    ALL DEFENDANTS CONSENT TO REMOVAL**

22        Per 28 United States Code section 1446(b)(2)(A), all defendants that have been served as

23  known to defendant Mr. Singh, through his counsel, have consented to the removal of the action.  Mr.

24  Singh's counsel, who also represents KP, consents to removal.

25        Nominal defendant John Miller Jr. is not a defendant, but "'in reality' and 'in legal effect' a

26  plaintiff." (*Ferraro*, 161 Cal.App.4th at 556.)

27  ///

28  ///

DEFENDANT MALAK SINGH'S NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT
COURT
PAGE 5

## V.     DEFENDANTS SHALL GIVEN WRITTEN NOTICE OF REMOVAL

Per 28 United States Code section 1446(d), defendant Mr. Singh shall give written notice of removal to all adverse parties who have appeared, and shall file a copy of the notice with the clerk of the Superior Court of California, County of Sacramento.

DATED:  April 4, 2022

HEATH & YUEN, APC

By   /s/ Stephen B. Heath
_____
Stephen B. Heath
Attorneys for Defendant/Counter Claimant
MALAK SINGH

**CERTIFICATE OF SERVICE**

I, Wendy H. Yang, declare:

At the time of service I was over 18 years of age, and not a party to this action.  My business mailing address is 268 Sutter Street, #3006, San Francisco, California 94104.

On April 4, 2022, I served the following document(s) on the parties in the within action:

**DEFENDANT MALAK SINGH'S NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT**

| X | **BY ECF**: I attached and submitted the above-described document(s) to the ECF system for filing. |
|---|---|

Robert J. Ounjian
CARPENTER & ZUCKERMAN
8827 West Olympic Boulevard
Beverly Hills, CA 90211
Phone (310) 273-1230 | Fax (310) 858-1063
robert@cz.law

Attorneys For Plaintiff/Counter Defendant
SHARITA REYNOLDS, INDIVIDUALLY AND
AS ADMINISTRATOR OF THE ESTATE OF
CHELVIN LEE WEBB

I declare under penalty of perjury under the laws of the United States of America the foregoing is a true and correct statement, and this certificate was executed on April 4, 2022.

/s/ Wendy H. Yang

By _____

Wendy H. Yang

COPY

FILED
Superior Court Of California,
Sacramento
02/02/2022
lbaldwin1
By_____, Deputy
Case Number:
34-2022-00314923

1  Robert J. Ounjian, SBN 210213
   CARPENTER & ZUCKERMAN
2  8827 West Olympic Boulevard
   Beverly Hills, California 90211
3  Telephone: (310) 273-1230; Facsimile: (310) 858-1063
   Email: robert@cz.law
4
   Attorneys for Plaintiffs
5

6

7                SUPERIOR COURT OF THE STATE OF CALIFORNIA

8                       FOR THE COUNTY OF SACRAMENTO

9
   SHARITA REYNOLDS; ESTATE OF CHELVIN          CASE NO :
10 LEE WEBB, by and through the Estate's
   administrator Sharita Reynolds;             COMPLAINT FOR DAMAGES
11
                                                1.  Wrongful Death (Motor Vehicle)
12           Plaintiffs,
                                                2.  Continuation of Decedent's Causes
13      vs.                                         of Action (Survival Action)

14 MALAK SINGH, an individual; KP LOGISTICS,   *** DEMAND FOR JURY TRIAL ***
   INC., a California corporation; JOHN MILLER,
15 JR.; and DOES 1 through 20, Inclusive,

16           Defendants.

17

18

19      COME NOW Plaintiffs Sharita Reynolds and Estate of Chelvin Lee Webb, by and

20 through the Estate's administrator Sharia Reynolds, who for causes of action against the

21 defendants, including Does 1 through 20, complain and allege as follows:

22

23                              **THE PARTIES**

24      1.    Decedent Chelvin Webb ("Decedent") was born on November 3, 1995, and died

25 on February 14, 2021, in the State of Oklahoma.

26      2.    Decedent was at all times the loving and devoted son of Plaintiff Sharita Reynolds.

27      3.    At the time of his death, Decedent had no children nor spouse.

28

1

**Exhibit A**

4.      Pursuant to the operation of *Code of Civil Procedure* § 377.60, Plaintiff is the heir, successor in interest, and the person lawfully entitled to assert a cause of action for the wrongful death of Decedent. No other person has any claim, right, or interest in the cause of action for wrongful death of Decedent that is superior to the claims by Plaintiff.

5.      Sharita Reynolds was appointed Administrator of the Estate of Chelvin Lee Webb In the Matter of the Estate of Chelvin Lee Webb, Oklahoma State District Court, Grady County, Case No. PB-2021-123.

5.      Defendant Malak Singh is an individual domiciled in the State of California.

6.      Defendant KP Logistics, Inc. is a California corporation, which is domiciled in California, and with principal offices located in Antelope, California.

7.      John Miller, Jr. was the biological father of Decedent. Plaintiffs allege that Mr. Miller cannot recover for the wrongful death of Decedent as he cannot satisfy the conditions of being a proper heir.

8.      The plaintiffs are informed and believe that at all relevant times, all of the defendants – except John Miller, Jr. – were the agents, servants, employees, and/or joint venturers of all of the co-defendants and were acting within the course, scope, and authority of their agency, employment, and/or venture and that all of the defendants, when acting as a principal, was negligent in the selection and hiring of each and every other defendant as an agent, employee, and/or joint venturer. All defendants are therefore vicariously liable for the torts of their co-defendants.

9.      The true names and/or capacities, whether individual, corporate, associate or otherwise of the defendants DOES 1 through 20, inclusive, and each of them, are unknown to Plaintiffs who therefore sue said defendants by such fictitious names. Plaintiffs are informed and believe and thereon allege that each of these defendants fictitiously named herein as a DOE is legally responsible, negligent, or in some other actionable manner liable for the events and happenings hereinafter referred to, and proximately and legally caused the injuries to Plaintiffs as hereinafter alleged. Plaintiffs will seek leave of the court to amend this Complaint to insert the

1  true names and/or capacities of such fictitiously-named defendants when the same has been

2  ascertained.  In any place in this Complaint where the term "defendant" or "defendants" is used it

3  shall include all defendants, including Does 1-20 as if so stated.

4  **VENUE**

5      10.    The Superior Court for the County of Sacramento is the proper venue for this

6  matter pursuant to, without limitation, *Code of Civil Procedure* § 395(a) as Sacramento is a

7  "county where the defendants, or some of them reside at the commencement of the action."

8      a.    Defendant Singh resides in Antelope, California, which is in the County of

9  Sacramento.

10      b.    Defendant KP Logistics, Inc. is a California corporation which is domiciled

11  and resides in the County of Sacramento.

12

13  **LOCATION OF INCIDENT**

14      11.    The incident giving rise to this litigation occurred near MM 226 on Interstate 35

15  near Braman, Oklahoma.  Hereinafter, this location is referred to as the "COLLISION

16  LOCATION."  The term "COLLISION LOATION" includes the area at or near this roadway as

17  well as the adjacent property.

18

19  **THE COLLISION**

20      12.    On or about February 14, 2021, Defendant Malak Singh and Does 1-20 was

21  driving northbound at or near the COLLISION LOCATION.

22      13.    Defendant Singh and Does 1-20 were operating a vehicle owned, maintained,

23  serviced, and entrusted to him by Defendant KP Logistics, Inc. and Does 1-20.

24      14.    Decedent Chelvin Webb had been operating a vehicle northbound near the

25  COLLISION LOCATION prior to the arrival of Defendants Malak Singh, KP Logistics, Inc., and

26  Does 1-20.

27

28

1   15.   Defendants Malak Singh and Does 1-20 negligently struck Decedent Chelvin

2   Webb who was severely injured in the collision causing substantial pain and suffering.

3            a.   Without limitation, Defendants Malak Singh, KP Logistics, Inc., and Does

4   1-20 failed to keep a proper lookout, drove at an excessive speed, and was operating his vehicle in

5   violation of 49 CFR § 392.14.  Furthermore, the defendants were improperly operating their

6   vehicle during a declared state of emergency due to a winter storm.

7   16.   Decedent Chelvin Webb subsequently died of the injuries sustained in the

8   collision.

9   17.   Hereinafter, this collision is referred to as "THE INCIDENT."

10   ### FIRST CAUSE OF ACTION – WRONGFUL DEATH (MOTOR VEHICLE)

11   (By All Plaintiffs Against All Defendants, Including Does 1 to 20)

12   18.   By this reference, Plaintiffs incorporate all of the allegations in this Complaint in

13   this cause of action.

14   19.   Defendants Singh, KP Logistics, Inc., and Does 1 through 20 had a duty to Plaintiffs,

15   and all other persons, to drive, own, operate, maintain, entrust, and otherwise have direct

16   responsibility and control over their motor vehicle and to execute such duties in a reasonable

17   manner.

18   20.   At the time and place of COLLISION LOCATION, Defendants Singh, KP

19   Logistics, Inc., and Does 1 through 20 negligently drove, owned, operated, maintained, entrusted,

20   and otherwise were negligent in the execution of their duties related to their responsibilities and

21   control over the vehicle so as to cause THE INCIDENT, all of which was a cause and a contributor

22   to the injuries and damages of the plaintiffs.  Such negligence included driving too fast for

23   conditions, failing to keep a proper lookout, and violating various provisions of Oklahoma and

24   federal law including 49 CFR § 392.14.

25   21.   The plaintiffs' injuries and damage were a direct, proximate, and legal result of the

26   negligence, acts, and omissions by the defendants.

27   22.   As a direct, proximate, and legal cause of the defendants' wrongful conduct, the

28

1  plaintiffs suffered foreseeable, past and future physical and emotional injuries, general, special, and

2  incidental damages in an amount according to proof in excess of the jurisdictional requirements of

3  this court.

4      23.  Prior to his death, Decedent was the loving son of Plaintiff Sharita Reynolds.  As a

5  direct, proximate, and legal cause of the defendants' wrongful conduct and negligence and of the

6  death of Decedent, Plaintiff Sharita Reynolds has suffered, without limitation, the full extent of

7  damages set forth in CACI 3921, the wrongful death statute, and severe emotional distress.

8      a.  Such economic damages include, without limitation:

9        i.  The value of the financial support that Decedent would have

10  contributed to Plaintiff during the life expectancy of Decedent and/or the life expectancy of

11  Plaintiff;

12        ii.  The loss of gifts and benefits that Plaintiff could have expected to

13  receive from Decedent;

14        iii.  Funeral and burial expenses; and

15        iv.  The reasonable value of household services that Decedent would have

16  provided to Plaintiff.

17      b.  Such non-economic damages include:

18        i.  The loss of Decedent's love, companionship, comfort, care,

19  assistance, protection, affection, society, and moral support; and

20        ii.  The loss of Decedent's future training and guidance

21      24.  As a factual and legal result of the aforementioned negligence, Plaintiffs have

22  suffered damages in an amount which exceeds the minimum jurisdictional limits of this court,

23  according to proof at time of trial.

24      25.  Plaintiffs' injuries were a direct, proximate, and legal result of the negligence, acts,

25  and omissions by the defendants.

26

27

28

## SECOND CAUSE OF ACTION – (SURVIVAL ACTION)
**(By Plaintiff Estate of Chelvin Webb Against All Defendants, Including Does 1 to 20)**

26.   By this reference, Plaintiff incorporates all of the allegations in this Complaint in this cause of action.

27.   As set forth above, Decedent Chelvin Webb died of the injuries caused by THE INCIDENT.

28.   Prior to the time of his death, Decedent had valuable claims and causes of action against all defendants herein, which Decedent would have asserted if Decedent had lived.

29.   Plaintiff Sharita Reynolds was Decedent's devoted mother.  Plaintiff Sharita Reynolds has been or will be appointed administrator of the Estate of Decedent.  Pursuant to operation of *Code of Civil Procedure* § 377.10, without limitation, the administrator lawfully succeeds to the causes of action held by Decedent at the time of his death and/or is authorized to so act by his successors.

30.   Plaintiff Sharita Reynolds is or will be the personal representative and successor in interest of Decedent as defined in *Code of Civil Procedure* § 377.11.

31.   As a proximate and legal result of the combined and concurrent wrongful and negligent conduct of all the defendants, including Does 1 through 20, the Estate of Decedent has sustained pecuniary damages which include, but are not limited to, medical and incidental expenses, loss of income, earnings and earning capacity, future earning potential, and an inability to pursue employment.  The Estate of Decedent has further suffered loss of valuable tangible items of personal property as well as funeral, burial, and incidental expenses which were paid on behalf of Decedent.

32.   As a proximate and legal result of the combined and concurrent wrongful and negligent conduct of all the defendants, including Does 1 through 20, the Estate of Decedent has sustained non-economic damages which include all of the damages permitted by *Code of Civil Procedure* § 377.34, including subdivision (b), as amended by Stats.2021, c. 448 (S.B.447), § 1, eff. Jan. 1, 2022, including Decedent's pain, suffering, and disfigurement.

1

2

3

## PRAYER

WHEREFORE, Plaintiffs pray for judgment against all defendants as follows:

### Cause of Action No. 1

4          1.       Past and future special/economic damages including, without limitation: financial

5    support lost, loss of gifts and benefits, funeral and burial expenses, and household services; and

6          2.       Past and future general/non-economic damages including, without limitation: the

7    loss of Decedent's love, companionship, comfort, care, assistance, protection, affection, society,

8    and moral support; and the loss of Decedent's training and guidance.

### Cause of Action No. 2

9

10         3.       Past and future economic damages including, without limitation, medical and

11   incidental expenses, loss of income, earnings, earning capacity, loss of valuable tangible items of

12   personal property, and funeral, burial, and incidental expenses.

13         4.       Past and future non-economic damages including, without limitation, Decedent's

14   pain, suffering, and disfigurement.

### All Causes of Action

15

16         5.       Prejudgment interest, according to proof;

17         6.       Costs of proof; and

18         7.       Such other relief as the Court deems appropriate.

19

20

21   DATED: February 1, 2022                    CARPENTER & ZUCKERMAN

22

23                                         By:     /s/ Robert J. Ounjian

24                                                 Robert J. Ounjian
                                                   Counsel for Plaintiffs

25

26

27

28

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury on all of the causes in this action.

DATED: February 1, 2022                    CARPENTER & ZUCKERMAN

                                 By:    /s/ Robert J. Ounjian
                                        Robert J. Ounjian
                                        Counsel for Plaintiffs

# DECLARATION OF SHARITA REYNOLDS

I, Sharita Reynolds, declare that if called as witnesses, I could and would competently testify to the following facts:

1. I am a plaintiff in this action and I make this declaration based upon my own personal knowledge.

2. The decedent, Chelvin Webb, passed away on February 14, 2021, in Kay County, Oklahoma. The undersigned is the mother of the decedent.

3. No proceeding is now pending in California for administration of the decedent's estate. The undersigned has been appointed Administrator of the Estate of Chelvin Lee Webb by the Grady County, Oklahoma District Court, Case No. PB-2021-123

4. The decedent did not have a spouse at the time of his death. The decedent did not have any children at the time of his death.

5. The declarant is authorized to act on behalf of the decedent's successor(s) in interest (as defined in Section 377.11 of the California Code of Civil Procedure) with respect to the decedent's interest in the action or proceeding.

6. No other person has a superior right to commence the action or proceeding or to be substituted for the decedent in the pending action or proceeding.


I declare under penalty of perjury and under the laws of the States of California and Oklahoma that the foregoing is true and correct.

Executed _January 14_, 2022 at _Oklahoma City_ Oklahoma.



_____
Sharita Reynolds

CERTIFICATE OF VITAL RECORD

**STATE OF OKLAHOMA**
**CERTIFICATE OF DEATH**

STATE FILE NUMBER **2021-014362**

| 1. DECEDENT'S LEGAL NAME (First, Middle, Last, Suffix) CHELVIN LEE WEBB | | 1a. LAST NAME PRIOR TO FIRST MARRIAGE WEBB | 2. SEX MALE |
|---|---|---|---|

| 3. SOCIAL SECURITY NUMBER | 4. EVER IN US ARMED FORCES? NO | 5a. AGE-Last birthday (Years) 25 | 5b. UNDER 1 YEAR Months / Days | 5c. UNDER 1 DAY Hours / Minutes | 6. DATE OF BIRTH (Mo/Day/Yr) NOVEMBER 3, 1995 |
|---|---|---|---|---|---|

| 7. BIRTHPLACE (City and State or Foreign Country) OKEENE, OKLAHOMA | 8a. RESIDENCE-State OKLAHOMA | 8b. RESIDENCE-County CLEVELAND | 8c. RESIDENCE-City or Town MOORE |
|---|---|---|---|

| 8d. RESIDENCE-Zip Code 73160 | 8e. RESIDENCE-Inside City Limits? YES | 8f. RESIDENCE-Street and Number 505 ROCK PLACE | 8g. RESIDENCE-Apt. Number |
|---|---|---|---|

| 9. MARITAL STATUS AT TIME OF DEATH ☐ Married ☒ Never Married ☐ Widowed ☐ Divorced ☐ Married, but separated ☐ Unknown | 10. SURVIVING SPOUSE'S NAME (If wife, give name prior to first marriage) |
|---|---|

| 11a. FATHER'S NAME (First, Middle, Last) JOHN EDWARD MILLER, JR | 11b. FATHER'S LAST NAME PRIOR TO FIRST MARRIAGE MILLER | 12a. MOTHER'S NAME (First, Middle, Last) SHARITA KAY REYNOLDS | 12b. MOTHER'S LAST NAME PRIOR TO FIRST MARRIAGE WEBB |
|---|---|---|---|

| 13. DECEDENT OF HISPANIC ORIGIN? NO, NOT SPANISH/HISPANIC/LATINO | 14. DECEDENT'S RACE BLACK OR AFRICAN AMERICAN | 15. DECEDENT'S EDUCATION BACHELOR'S DEGREE (E.G. BA, AB, BS) |
|---|---|---|

| 16. DECEDENT'S USUAL OCCUPATION (Indicate type of work done during most of working life. DO NOT USE RETIRED) COLLEGE STUDENT | 17. KIND OF BUSINESS / INDUSTRY MANHATTAN CHRISTIAN COLLEGE |
|---|---|

| 18a. INFORMANT'S NAME SHARITA KAY REYNOLDS | 18b. RELATIONSHIP TO DECEDENT MOTHER | 18c. MAILING ADDRESS (Street and Number, City, State, Zip Code) 505 ROCK PLACE, MOORE, OKLAHOMA 73160 |
|---|---|---|

| 19. METHOD OF DISPOSITION ☒ Burial ☐ Cremation ☐ Donation ☐ Entombment ☐ Removal from state ☐ Other (specify) | 20. PLACE OF DISPOSITION (Name of cemetery, crematory, other place) RESTHAVEN CEMETERY | 21. LOCATION - City, Town and State OKLAHOMA CITY, OKLAHOMA |
|---|---|---|

| 22. NAME AND COMPLETE ADDRESS OF FUNERAL FACILITY TEMPLE AND SONS FUNERAL DIRECTORS, INC. - OKLAHOMA CITY, 2801 N. KELLEY AVE., OKLAHOMA CITY, OKLAHOMA 73111 | 23. FUNERAL HOME DIRECTOR OR FAMILY MEMBER ACTING AS SUCH MARK P. TEMPLE |
|---|---|
| | 24. FH ESTABLISHMENT LICENSE # 1212E6 |

**25. PLACE OF DEATH (Check only one, see instructions)**

IF DEATH OCCURRED IN A HOSPITAL:
☐ Inpatient ☐ Emergency Room/Outpatient ☐ Dead on Arrival

IF DEATH OCCURRED OTHER THAN IN A HOSPITAL:
☐ Hospice Facility ☐ Nursing home/Long term care facility ☐ Decedent's home ☒ Other (specify): ROADWAY

| 26. FACILITY NAME (If not institution, give street & number) I-35 NORTHBOUND BETWEEN MM 225 AND MM 226 | 27. CITY OR TOWN, STATE AND ZIP CODE OF LOCATION OF DEATH BRAMAN, OKLAHOMA, 74632 | 28. COUNTY OF DEATH KAY |
|---|---|---|

| 29. DATE OF DEATH (Mo/Day/Yr) FEBRUARY 14, 2021 | 30. TIME OF DEATH 13:34 | 31. WAS MEDICAL EXAMINER CONTACTED? YES | 32. WAS AN AUTOPSY PERFORMED? NO | 33. WERE AUTOPSY FINDINGS AVAILABLE TO COMPLETE THE CAUSE OF DEATH? |
|---|---|---|---|---|

**CAUSE OF DEATH (See instructions and examples)**

34. PART I. Enter the chain of events - diseases, injuries or complications - that directly caused the death. DO NOT enter terminal events such as cardiac arrest, respiratory arrest or ventricular fibrillation without showing the etiology. DO NOT ABBREVIATE. Enter only one cause on a line. Add additional lines if necessary.

Approximate interval: Onset to death

IMMEDIATE CAUSE (Final disease or condition resulting in death → a. MULTIPLE BLUNT FORCE INJURIES          UNDETERMINED

Due to (or as a consequence of):

Sequentially list conditions, if any, leading to the cause listed on line a. → b.

Due to (or as a consequence of):

Enter the UNDERLYING CAUSE (disease or injury that initiated the events resulting in death) LAST. → c.

Due to (or as a consequence of):

d.

Due to (or as a consequence of):

35. PART II. Enter other significant conditions contributing to death but not resulting in the underlying cause given in PART I

| 2100650 | | 38. DID TOBACCO USE CONTRIBUTE TO DEATH? ☐ Yes ☒ No ☐ Probably ☐ Unknown |
|---|---|---|

| 36. MANNER OF DEATH ☐ Natural ☐ Homicide ☒ Accident ☐ Suicide ☐ Pending Investigation ☐ Could not be determined | 37. IF FEMALE ☐ Not pregnant within past year ☐ Pregnant at time of death ☐ Not pregnant, but pregnant within 42 days of death ☐ Not pregnant, but pregnant 43 days to 1 year before death ☐ Unknown if pregnant within the past year | |
|---|---|---|

| 39. DATE OF INJURY (Mo/Day/Yr) 02/14/2021 | 40. TIME OF INJURY 13:34 | 41. PLACE OF INJURY (e.g., Decedent's home; construction site; wooded area) ROADWAY | 42. DESCRIBE HOW INJURY OCCURRED: MOTOR VEHICLE | 43. INJURY AT WORK? NO |
|---|---|---|---|---|

| 44. LOCATION OF INJURY: State OKLAHOMA | City or Town BRAMAN | Zip Code 74632 | 46. IF TRANSPORTATION INJURY, SPECIFY: ☒ Driver/Operator ☐ Passenger ☐ Pedestrian ☐ Other (specify) |
|---|---|---|---|
| Street & Number I-35 NORTHBOUND BETWEEN MM 225 AND MM 226 | | Apartment Number | |

| 45. CERTIFIER (Check only one) ☐ ATTENDING PHYSICIAN ☐ Physician in charge of the patient's care ☐ Physician in attendance at time of death only To the best of my knowledge, death occurred at the time, date, and place, and due to the cause(s) and manner as stated. ☒ MEDICAL EXAMINER On the basis of examination, and/or investigation, in my opinion, death occurred at the time, date and place, and due to the cause(s) and manner stated. | 47. NAME, ADDRESS AND ZIP CODE OF PERSON COMPLETING CAUSE OF DEATH (Item 34) LISA MICHELLE BARTON, MD 921 NE 23RD STREET OKLAHOMA CITY, OKLAHOMA 73105 |
|---|---|

| Certifier: LISA M BARTON, MD | 48. LICENSE NUMBER 30661OK | 49. DATE DEATH CERTIFIED (Mo/Day/Yr) APRIL 27, 2021 |
|---|---|---|
| | | 52. DATE RECEIVED BY STATE REGISTRAR (Mo/Day/Yr) |

Monday, May 17, 2021 9:15:42 AM





D05483941

This is a true and correct copy of the official record on file in the Office of Vital Statistics, Oklahoma City, Oklahoma, certified on the date stamped.



Kelly M. Baker
State Registrar
Office of Vital Statistics
Department of Health





It is in violation of Oklahoma Statutes, Title 63, Section 1-324.1, to "prepare or issue any certificate which purports to be original, certified copy or copy of a certificate of birth, death or stillbirth, except as authorized in this act or rules and regulations adopted under this act."

**CERTIFIED COPIES WILL BE PRODUCED ON MULTI-COLOR SECURITY PAPER.**

VERIFY PRESENCE OF WATERMARK     HOLD TO LIGHT TO VIEW

**WARNING:** THIS DOCUMENT IS PRINTED ON SECURITY WATERMARKED PAPER AND CONTAINS SECURITY FIBERS. DO NOT ACCEPT WITHOUT VERIFYING THE PRESENCE OF THE WATERMARK.

THE DOCUMENT FACE CONTAINS A SECURITY BACKGROUND. THE BACK CONTAINS SPECIAL LINES WITH TEXT, EMBOSSED SEAL AND THERMOCHROMIC INK.

**SUMMONS**
*(CITATION JUDICIAL)*

COPY

FILED

SUM-100

Superior Court of California,

02/03/2022

lbaldwin1

By_____, Deputy

Case Number:
34-2022-00314923

*(SOLO PARA USO DE LA CORTE)*
*(FOR COURT USE ONLY)*

**NOTICE TO DEFENDANT:** MALAK SINGH, an individual; KP
*(AVISO AL DEMANDADO):* LOGISTICS, INC., a California corporation;
JOHN MILLER, JR.; and DOES 1 through 20, Inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:** SHARITA REYNOLDS;
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):* ESTATE OF CHELVIN
LEE WEBB, by and through the Estate's administrator Sharita Reynolds;

BY FAX

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

The name and address of the court is: **CASE NUMBER:** *(Número del Caso):*
*(El nombre y dirección de la corte es):*
Sacramento County Superior Court
813 6th Street
Sacramento, CA 95814

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Robert J. Ounjian, SBN 210213     310.273.1230     310.858.1063
Carpenter & Zuckerman
8827 West Olympic Blvd.
Beverly Hills, CA 90211

DATE: FEB - 3 2022     Clerk, by L. BALDWIN , Deputy
*(Fecha)*     *(Secretario)*     *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. [X] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*

3. [ ] on behalf of *(specify):*

under: [ ] CCP 416.10 (corporation)     [ ] CCP 416.60 (minor)
[ ] CCP 416.20 (defunct corporation)     [ ] CCP 416.70 (conservatee)
[ ] CCP 416.40 (association or partnership)     [ ] CCP 416.90 (authorized person)
[ ] other *(specify):*
4. [X] by personal delivery on *(date):* 3/6/22

[SEAL]

Page 1 of 1

SUMMONS



**SUPERIOR COURT OF CALIFORNIA**

**County of Sacramento**

720 Ninth Street, Room 102
Sacramento, CA 95814-1311

For Court Use Only

PETITIONER/PLAINTIFF: Sharita Reynolds, et al.

RESPONDENT/DEFENDANT: Malak Singh, et al.

**ORDER RE: DELAY IN SCHEDULING
INITIAL CASE MANAGEMENT CONFERENCE**

CASE NUMBER:
34-2022-00314923

The Court finds good cause to delay the scheduling of the initial Case Management Conference for this case given the COVID-19 pandemic and its impact on court-wide operations. Among the affected operations is the Court's Case Management Program (CMP). The Court's CMP calendars have been and remain suspended until further notice. After the CMP Departments resume operations, the Court will schedule the initial Case Management Conference in this case and issue a Notice of Case Management Conference and Order to Appear.

The deadline for filing and service of the Case Management Conference Statements will be based upon the date for the initial Case Management Conference once it has been scheduled.

Parties shall continue to accomplish service of all parties named in the action.

Parties shall continue to ensure that all defendants and cross-defendants have answered, been dismissed, or had their defaults entered.

Plaintiff shall serve a copy of this order on any party to the complaint. The cross-complainant shall have the same obligation with respect to the cross-complaint

RICHARD K. SUEYOSHI

Dated: 2/2/2022

Richard K. Sueyoshi, Judge of the Superior Court

Order re: Delay in Scheduling Initial Case Management Conference

Page 1 of 1

**Shirley N. Weber, Ph.D.**
**California Secretary of State**

 # Business Search - Entity Detail

The California Business Search is updated daily and reflects work processed through Monday, March 7, 2022. Please refer to document **Processing Times** for the received dates of filings currently being processed. The data provided is not a complete or certified record of an entity. Not all images are available online.

## C4230133    KP LOGISTICS INC

| | |
|---|---|
| **Registration Date:** | 01/18/2019 |
| **Jurisdiction:** | CALIFORNIA |
| **Entity Type:** | DOMESTIC STOCK |
| **Status:** | DISSOLVED |
| **Agent for Service of Process:** | SUMANJIT KAUR |
| | 9291 WATERMAN ROAD |
| | ELK GROVE CA 95624 |
| **Entity Address:** | 9291 WATERMAN RD |
| | ELK GROVE CA 95624 |
| **Entity Mailing Address:** | 9291 WATERMAN RD |
| | ELK GROVE CA 95624 |

*This entity is not eligible for online records requests. To order a Certificate of Status, please complete and return the* **Business Entities Records Order Form**

| Document Type ↕ | File Date ↓F | PDF |
|---|---|---|
| ELECTION TO DISSOLVE | 02/08/2022 | |
| DISSOLUTION | 02/08/2022 | |
| SI-COMPLETE | 11/15/2021 | |
| SI-COMPLETE | 01/21/2020 | |
| REGISTRATION | 01/18/2019 | |

\* Indicates the information is not contained in the California Secretary of State's database.

- If the status of the corporation is "Surrender," the agent for service of process is automatically revoked. Please refer to California Corporations Code **section 2114** for information relating to service upon corporations that have surrendered.
- For information on checking or reserving a name, refer to **Name Availability**.
- If the image is not available online, for information on ordering a copy refer to **Information Requests**.
- For information on ordering certificates, status reports, certified copies of documents and copies of documents not currently available in the Business Search or to request a more extensive search for records, refer to **Information Requests**.
- For help with searching an entity name, refer to **Search Tips**.
- For descriptions of the various fields and status types, refer to **Frequently Asked Questions**.



**From:** Darrell Downs <DDowns@soonerlaw.com>
**Sent:** Friday, March 12, 2021 2:58 PM
**To:** Nathan Parrilli <nparrilli@tulsalawyer.com>
**Subject:** Webb v KP Logistics Inc.

Dear Nathan:


I have recently been in contact with my clients and have been authorized to make a settlement demand in this case. As we discussed, I believe contributory negligence will very likely be placed upon Chelvin Webb, but that the same jury will also likely find that a professional truck driver should not have been on the road in this weather prior to the accident or should have at least been traveling at a much slower speed. See 49 C.F.R. § 392.14.

Here is my evaluation of the claim. I believe a jury will award between $750,000 to $1,000,000 for Chelvin's wrongful death. I will take the lower figure of $750,000 and assume the jury places 50% negligence on Chelvin and 50% negligence on your driver. This leaves a verdict before interest and costs of $375,000.

Accordingly, I have been authorized to offer the amount of $375,000 for a full and complete settlement and release of all claims. We will agree to a presuit mediation if your client prefers that process or we can try to resolve the case between the two parties with us serving as the conduit for negotiation. I believe our chances of settling the case are greater before expenses are incurred and with the video there is really no mystery surrounding the accident. However, I think you will agree the taped telephone conversation of the on scene witness, Ms.Shaw is highly emotional and is a great help for plaintiff's claim.

Please let me know of your client's response at your earliest convenience because Chelvin's parents are emotional and I cannot predict if they will harden their stance once the litigation process begins. Thank you.

Darrell W. Downs




# Exhibit C

1