UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHARITA REYNOLDS; ESTATE OF CHELVIN LEE WEBB, BY AND THROUGH THE ESTATE'S ADMINISTRATOR SHARITA REYNOLDS<br><br>Plaintiffs,<br><br>v.<br><br>MALAK SINGH, AN INDIVIDUAL; KP LOGISTICS, INC., A CALIFORNIA CORPORATION; JOHN MILLER, JR.; AND DOES 1 THROUGH 20, INCLUSIVE,<br><br>Defendants. | No. 2:22-cv-00601-JAM-KJN<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND** |

This matter is before the Court on Sharita Reynolds' ("Plaintiff") motion to remand. Mot. to Remand ("Mot."), ECF No. 14. Malak Singh ("Defendant" or "Singh") filed an opposition, Opp'n, ECF No. 19, to which Plaintiff replied, Reply, ECF No. 24. For the reasons set forth below, the Court GRANTS Plaintiff's motion to remand and her request for fees and costs incurred.[1]

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for June 28, 2022.

1

I. FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

This case arises from a deadly car crash in Oklahoma. See generally Compl., ECF No. 1 Ex. A. On February 14, 2021, Defendant Singh, while in the course and scope of his employment with Defendant KP Logistics, Inc., negligently rear-ended Chelvin Webb ("Decedent" or "Mr. Webb") during a winter storm. Id. ¶¶ 13-15. Plaintiff alleges Singh failed to keep a proper lookout, drove at an excessive speed, was operating his vehicle in violation of 49 CFR § 392.14, which requires extra precautions such as reduced speed when operating a commercial vehicle in hazardous conditions, and was improperly operating the vehicle during a declared state of emergency. Id. Mr. Webb died from the injuries he sustained in the collision. Id. ¶ 16.

Plaintiff, Decedent's mother, brought this action on behalf of herself and as the administrator of Decedent's estate, in Sacramento Superior Court asserting (1) a wrongful death claim and (2) a survival cause of action. See Compl. Defendant Singh removed the case, with the consent of KP Logistics[2], invoking this Court's federal question jurisdiction. Not. of Removal at 4, ECF No. 1. Plaintiff then filed this motion to remand, contending removal was improper. See Mot.

II. OPINION

A. Judicial Notice

Defendant requests the Court take judicial notice of four

---

[2] Defendant argues "[a]t a minimum, the court needs to sever, and to retain the actions involving KP" but does not elaborate why. Opp'n at 4. The Court rejects this argument as the analysis below applies to all Defendants.

documents: (1) Plaintiff's complaint; (3) Defendant Malak Singh's answer; (3) Defendant Malak Singh's notice of removal; and (4) Defendant KP Logistics' countercomplaint. Defendant Singh's Req. for Judicial Notice, ECF No. 20. The Court denies Defendant's requests for judicial notice because "it is unnecessary to take judicial notice of documents already in the record." Wilburn v. Bratcher, No. 15-cv-00699-TLN-GGH, 2015 WL 9490242, at *15 (E.D. Dec. 30, 2015), report and recommendation adopted, No. 15-cv-0699-TLN-GGH, 2016 WL 1268046 (E.D. Cal. Mar. 31, 2016).

B. Legal Standard

Under 28 U.S.C. § 1441, a defendant may remove a civil action from state to federal court if there is subject matter jurisdiction over the case. See City of Chi. v. Int'l Coll. of Surgeons, 522 U.S. 156, 163 (1997). Courts strictly construe the removal statute against removal and federal jurisdiction must be rejected if there is any doubt as to the right of removal. Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992); see also Moore-Thomas v. Alaska Airlines, Inc., 553 F.3d 1241, 1244 (9th Cir. 2009) ("[A]ny doubt about the right of removal requires resolution in favor of remand."). The party seeking removal bears the burden of establishing jurisdiction. Emrich v. Touche Ross & Co., 846 F.2d 1190, 1195 (9th Cir. 1988).

C. Analysis

1. Federal Question Jurisdiction

Courts have federal question jurisdiction over all civil actions "arising under the Constitution, laws, or treaties of

1  the United States." 28 U.S.C. § 1331. Removal pursuant to
2  § 1331 is governed by the "well-pleaded complaint rule," which
3  provides that federal question jurisdiction exists only when "a
4  federal question is presented on the face of plaintiff's
5  properly pleaded complaint." Caterpillar Inc. v. Williams, 482
6  U.S. 386, 392 (1987). An "independent corollary to the well-
7  pleaded complaint rule" is the "complete pre-emption doctrine."
8  Id. at 393 (internal quotation marks and citation omitted).
9  That doctrine provides a basis for federal question jurisdiction
10 when a federal statute has "such extraordinary pre-emptive
11 power" that it "convert[s] an ordinary state common law
12 complaint into one stating a federal claim for purposes of the
13 well-pleaded complaint rule." Retail Prop. Trust v. United Bhd.
14 of Carpenters & Joiners of Am., 768 F.3d 938, 947 (9th Cir.
15 2014) (internal quotation marks and citation omitted). When
16 complete preemption applies, a defendant may remove the
17 preempted state law claims to federal court. Beneficial Nat'l
18 Bank v. Anderson, 539 U.S. 1, 8 (2003).
19     The parties dispute whether federal question jurisdiction
20 exists to support the removal of this case from state court.
21 Mot. at 3-8; Opp'n at 7-10. Defendant acknowledges Plaintiff
22 has only pled state-law claims, but argues the Court
23 nevertheless has federal question jurisdiction over this lawsuit
24 because complete preemption applies. Opp'n at 7-9.
25 Specifically, Defendant contends Plaintiff's claims are
26 preempted by the Federal Aviation Administration Authorization
27 Act ("FAAAA"). Id.
28     The Supreme Court has identified only a few federal

4

statutes whose preemptive force is so extraordinary as to completely preempt state law claims: (1) the Labor Management Relations Act ("LMRA"), Avco Corp. v. Aero Lodge No. 735, 390 U.S. 557 (1968); (2) the Employee Retirement Income Security Act of 1976 ("ERISA"), Metro Life Ins. Co. v. Taylor, 481 U.S. 58 (1987); and (3) the National Bank Act, Beneficial Nat'l Bank v. Anderson, 539 U.S. 1 (2003). The Ninth Circuit has explained that there are only a "handful of 'extraordinary' situations where [. . .] a well-pleaded state law complaint will be deemed to arise under federal law for jurisdiction purposes." Holman v. Laulo-Rowe Agency, 994 F.2d 666, 668 (9th Cir. 1993). A federal statute will only be found to completely preempt state causes of action "for purposes of federal jurisdiction under § 1331 [. . .] when Congress: (1) intended to displace a state-law cause of action, and (2) provided a substitute cause of action." City of Oakland v. BP PLC, 969 F.3d 895, 906 (9th Cir. 2020).

    The FAAAA, relied upon by Defendant, satisfies neither prong. As an initial matter, Defendant has not met his burden of showing 49 U.S.C. § 14501(c)(1) even applies here. That provision regulates "motor carriers," "brokers," and "freight forwarders" "with respect to the transportation of property." 49 U.S.C. § 14501(c)(1). There are no allegations in plaintiff's complaint that come within this statutory scheme. See Compl. Rather, Defendant relies on outside evidence in an attempt to demonstrate "plaintiff's implausible facts show road safety, which the FAAAA does not preempt, is not at issue." Opp'n at 9. But as Defendant even acknowledges earlier in his

briefing, the Court cannot consider such evidence. See id. at 7 ("In determining the existence of removal jurisdiction based upon a federal question, [courts] must look to the complaint as of the time the removal petition was filed.") (quoting Libhart v. Santa Monica Dairy Co., 592 F.2d 1062, 1065 (9th Cir. 1979) (emphasis added); see also California ex rel. Lockyer v. Dynegy, Inc., 375 F.3d 831, 838 (9th Cir. 2003) ("The federal issue must be disclosed upon the face of the complaint, unaided by the answer or by the petition for removal.").

Even if the FAAAA was implicated, by its own terms it does not preempt state-law negligence actions involving motor vehicle safety. The statute expressly provides that it "shall not restrict the safety regulatory authority of a State with respect to motor vehicles." 49 U.S.C. § 14501(c)(2)(A). Plaintiff's Complaint, which alleges Defendant Singh "failed to keep a proper lookout, drove at an excessive speed and [was] improperly operating [the] vehicle during a declared state of emergency due to a winter storm", clearly asserts a motor safety claim, not a claim concerning Defendants' "price, route, or service." Compl. ¶ 15(a). Finally, the federal statute identified by Defendant does not provide a substitute cause of action as required for complete preemption. Defendant points to 49 U.S.C. § 14707. However, that provision provides a cause of action if a person violates the registration requirements of the act, not at issue here.

Defendant also argues federal jurisdiction exists as Plaintiff alleges negligence per se resulting from Defendants' violation of a federal regulation, 49 CFR § 392.14. Opp'n at 9.

1  But the Supreme Court has rejected that argument, finding that
2  when a complaint alleges a violation of a federal statute or
3  regulation as an element of a state cause of action, that itself
4  does not provide for a private cause of action, the claim does
5  not arise under the Constitution, laws, or treaties of the
6  United States.  Merrell Dow Pharm. Inc. v. Thompson, 478 U.S.
7  804, 817 (1986).  "[A] plaintiff's invocation of federal law as
8  the source of a duty under state law is simply insufficient to
9  create federal question jurisdiction."  Fuller v. BNSF Ry. Co.,
10 472 F. Supp. 2d 1088, 1095 (S.D. Ill. 2007).  Accordingly,
11 Defendant has not met his burden of demonstrating federal
12 question jurisdiction exists.  See Goforth v. Nevada Power Co.,
13 101 F. Supp. 3d 975, 978 (D. Nev. 2015) (finding federal
14 question jurisdiction did not exist when violation of federal
15 regulations alleged to establish the duty and breach elements of
16 a negligence claim).

17       2.   Diversity Jurisdiction
18    Defendant also opposes remand on the basis of diversity
19 jurisdiction.  Opp'n at 9-12.  Diversity jurisdiction requires
20 that all parties be completely diverse and the amount in
21 controversy exceed $75,000.  28 U.S.C. § 1332(a); see also
22 Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090
23 (9th Cir. 2003).  However, the "forum-defendant" rule provides
24 that a case cannot be removed on the basis of diversity "if any
25 of the parties in interest properly joined and served as
26 defendants is a citizen of the State in which such action is
27 brought."  28 U.S.C. § 1441(b)(2).
28    While Defendant concedes he and his co-defendants are

7

1  citizens of California, precluding removal based on diversity
2  under the forum-defendant rule, he nevertheless argues against
3  remand because diversity jurisdiction exists.  Opp'n at 9-12.
4  Relying on Williams v. Costco Wholesale Corp., 471 F.3d 975 (9th
5  Cir. 2006), Defendant contends that "since Defendant Singh
6  removed this matter on the basis of federal question
7  jurisdiction, this court retains jurisdiction on that basis, as
8  well as any other basis for jurisdiction apparent in the
9  complaint, including diversity jurisdiction."  Opp'n at 10.
10 This argument is meritless.
11      In Williams the Ninth Circuit held that "[o]nce a case has
12 been properly removed, the district court has jurisdiction over
13 it on all grounds apparent from the complaint, not just those
14 cited in the removal notice."  471 F.3d at 977 (emphasis added).
15 But whether Defendant properly removed the action to this Court
16 is precisely what is at issue here.  As explained above,
17 Defendant did not properly remove the action on the basis of
18 federal question jurisdiction, and as they concede, could not
19 remove based on diversity jurisdiction under the forum-defendant
20 rule.  Opp'n 9-10.  To allow Defendant to avoid remand based on
21 diversity after he improperly removed on federal question
22 grounds, as he suggests, would render the forum-defendant rule
23 obsolete.  Williams does not stand for such a proposition.
24 Accordingly, Defendants cannot avoid remand through their
25 reliance on diversity jurisdiction.
26          3.   Attorney's Fees
27      Plaintiff moves for an award of the fees and costs incurred
28 seeking remand under 28 U.S.C. § 1447(c), which provides that

upon issuing an order remanding the case, a court may award "just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The standard for awarding fees turns on the reasonableness of removal. Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005). As the Supreme Court has noted "[t]he process of removing a case to federal court and then having it remanded back to state court delays resolution of the case, imposes additional costs on both parties, and wastes judicial resources." Id. at 140. Accordingly, courts may award attorney's fees under § 1447(c) when the removing party lacked an objectively reasonable basis for seeking removal. Id. at 141.

As discussed above, the relevant case law demonstrates that there was no legitimate basis for removal of this action and Defendant lacked an objectively reasonable basis for removing this case. See Houden v. Todd, 348 Fed. Appx. 221, 223 (9th Cir. 2009) (finding removal was objectively unreasonable when clearly foreclosed by relevant case law). The Court therefore finds an award of Plaintiff's just costs and actual expenses, including attorneys' fees, appropriate. Plaintiff requests a rate of $650 per hour for Robert Ounjian, a partner at Carpenter & Zuckerman with more than 20 years of experience, for a total of $ 10,000.[3] However, that is not a reasonable hourly rate in this district. See Firstsource Sols. USA, LLC v. Tulare Reg'l Med. Ctr., No. 15-cv-01136-DAD-EPG, 2019 WL 2725336, at *4 (E.D. Cal. July 1, 2019)(reasonable hourly rates are calculated

---

[3] Defendant did not dispute the reasonableness of these fees. Opp'n at 12.

according to the prevailing market rates in the relevant legal community). Accordingly, the Court reduces Mr. Ounjian's hourly rate to $450. <u>Price Simms Holding, LLC v. Candle3, LLC</u>, No. 18-cv-1851-WBS-KJN, 2021 WL 1884995 at *2 (E.D. Cal. May 11, 2021), <u>report and recommendation adopted</u>, No. 18-cv-1851-WBS-KJN, 2021 WL 2016915 (E.D. Cal. May 20, 2021) (an hourly rate of $450 is reasonable in the Eastern District for partners with at least 20 years of experience). Plaintiffs are thus entitled to $8,100 for the 18 hours Mr. Ounjian spent on the motion to remand. Ounjian Decl. ¶ 6, ECF No. 14-2.

### III.  ORDER

For the reasons set forth above, the Court GRANTS Plaintiff's motion to remand and the case is REMANDED to Sacramento County Superior Court. The Court awards Plaintiff $8,100 for the costs and fees incurred as a result of the removal.

IT IS SO ORDERED.

Dated: August 4, 2022

JOHN A. MENDEZ
SENIOR UNITED STATES DISTRICT JUDGE

10